### ANDRÉ DUSSUMIER *v.* EUGENIE COIRON.

A married woman, not separated in property, cannot accept the office of testamentary
executrix, without the consent of her husband, C. C. 1657; nor can she, after accept-
ance, appear in court in the execution of the trust, without the authority and as-
sistance of the latter. The cases provided for by arts. 125 of the Civil Code, and
106 of the Code of Practice, are the only exceptions to the general rule prescribed
by art. 123 of the Civil Code, that a wife cannot appear in court without the autho-
rization of her husband.

APPEAL from the Court of Probates of New Orleans, *Bermu-
dez*, J.

MORPHY, J. The defendant, who is at the same time universal
legatee and testamentary executrix of the late widow Cotteret, has
been sued in both capacities, and has been decreed to pay to the
petitioner a sum of $400, for services rendered to the deceased.
From this judgment she has appealed, and prays for its reversal
on the ground, among others, that her husband, François Ste.
Marie Coiron, has not been made a party to the suit, and that she
has not been aided and assisted by him in making her defence.
The petition does not pray that the husband be cited to defend the
suit with his wife, the defendant, nor did he join in the answer
she made to it. The appellee's counsel has suggested that, per-
haps, no authorization of the husband is necessary, where the wife
sues or is sued in the capacity of a testamentary executrix.
Even if any doubt could exist as to the necessity of the marital
authorization in such a case, it would be of no avail here, as
the defendant is also sued, in her individual capacity, as universal
legatee. But the law, we apprehend, makes no distinction. The
Civil Code, art. 123, provides, that " the wife cannot appear in

court without the authority of her husband, although she may be a public merchant, or possess her property separate from her husband."

The only exception, we know of, to this general rule, is to be found in article 125 of the Civil Code, and in article 106 of the Code of Practice, to wit, when there exists between the husband and wife a separation from bed and board. Article 118 of the Code of Practice provides, that " when one intends to sue a married woman for a cause of action relative to her own separate interest, the suit must be brought both against her and her husband." The office of testamentary executrix cannot be accepted by a married woman, without the consent of her husband. Civ. Code, art. 1657. If, in the execution of this trust, it becomes necessary for her to appear in court, either as plaintiff or as defendant, she must, we think, under the provisions of our law, be authorized and assisted by her husband ; and all proceedings had and conducted without such authorization, are null and void.

It is therefore ordered, that the judgment of the Court of Probates be avoided and reversed, and that this case be remanded for further proceedings ; the plaintiff and appellee paying the costs of this appeal.

*Castera*, for the plaintiff.

*Ducros*, for the appellant.